868 P.2d 945

**In the Matter of a Member of the State Bar of Arizona, Sharon A. O'BRIEN–REYES, Respondent.**

**No. SB–94–0016–D.**
**Comm. Nos. 90–0523, 90–1034 and 91–0539.**

Supreme Court of Arizona.

Feb. 9, 1994.

William M. Spence, Chandler, for respondent.

Yigael M. Cohen, State Bar Counsel, and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, Phoenix, for the State Bar.

JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that **SHARON A. O'BRIEN–REYES,** a member of the State Bar of Arizona, is hereby censured for conduct in violation of her duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **SHARON A. O'BRIEN–REYES** for costs incurred by the State Bar of Arizona in the amount of $1,446.42, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

## BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

In the Matter of

SHARON O'BRIEN–REYES,
a Member of the
State Bar of Arizona

RESPONDENT.

Comm. Nos. 90–0523, 90–1034, and 91–0539

DISCIPLINARY COMMISSION REPORT

[Filed Nov. 8, 1993.]

This matter first came before the Disciplinary Commission of the Supreme Court of Arizona on June 5, 1993, for review of the record on appeal pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of approval of the agreement for discipline by consent providing for censure and probationary terms.

Upon consideration of the record on appeal, the Commission tabled the matter, ordered Respondent to provide evidence of rehabilitation, and ordered the parties to appear. The matter came before the Disciplinary Commission for oral argument on September 10 and September 11, 1993.

### Decision

Upon review of the record on appeal and consideration of the oral argument of Respondent and the State Bar, the Commission, by a concurrence of the nine members present,[1] adopts the Committee's recommendation that the agreement for discipline by consent, providing that Respondent be censured and placed on probation for a period of one year, under the terms and conditions set forth below, be accepted. The Commission also unanimously adopts the findings of fact and conclusions of law of the Hearing Committee.

### Probation

The Commission recommends that Respondent be placed on probation for a period of one year, under the following terms and conditions:

1. Respondent shall seek the assistance of the Law Office Management Assistance Program ("LOMAP"), including an audit of Respondent's law practice, and shall follow the recommendations of the director of LOMAP;[2] and

2. Respondent shall pay all costs and expenses incurred in connection with her participation in LOMAP.

### Facts

The conduct at issue concerns three matters addressed in two separate complaints, which have been consolidated. The first matter, Number 90–0523, concerns Respondent's failure to file a notice of appeal from Client A's DUI conviction until March 8, 1988, two days after the deadline, and her subsequent failure to file a motion to reconsider until four months later. Respondent failed to keep Client A apprised of the status of the case from May through July 1988, and failed to timely respond to the State Bar's inquiries into the matter in March and April of 1990.

A second matter addressed by the complaint, Number 91–0539, concerns Respondent's retention by Client B in September 1989 to handle her marital dissolution. During this representation, Respondent failed to maintain adequate communication with Client B to such an extent that Client B felt

---

1. Commissioners Bossé and Bonwell did not participate in these proceedings. P. Michael Drake, of Tucson, participated as an ad hoc lawyer member, and Gordon P. Kaasa, of Phoenix, participated as an ad hoc public member.

2. In response to the Commission's order that Respondent file evidence of interim rehabilitation, Respondent filed a First Amended Statement, which indicates that Respondent has already sought the assistance of the LOMAP program. The statement includes the LOMAP director's report on Respondent's practice, and includes an affidavit of Respondent detailing her compliance with the recommendations of the LOMAP director.

she was unable to make informed decisions regarding the course of her litigation.

The State Bar has conditionally admitted that there is insufficient evidence to establish proof of the underlying conduct charged in the final matter of the complaint, Number 90–1034. However, Respondent has conditionally admitted her failure to timely respond to the State Bar's inquiries into the underlying charges in June and July of 1990, which compelled the State Bar to depose Respondent concerning this matter.

Respondent and the State Bar have conditionally admitted that Respondent's conduct violated ER 1.1, ER 1.3, ER 1.4, ER 8.1(b), and Supreme Court Rule 51(h) and (i).

### Discussion of Decision

The Committee and Commission agree that Respondent's conduct violated the following Rules of Professional Conduct:

1. Respondent's failure to provide competent representation to Client A was in violation of ER 1.1;

2. Respondent also failed to act with reasonable diligence and promptness in her representation of Client A, in violation of ER 1.3;

3. Respondent's failure to keep Client A apprised as to the status of her case, and her failure to maintain adequate communication with Client B, so that Client B could make informed decisions regarding her representation, was in violation of ER 1.4;

4. Respondent violated ER 8.1(b) and Supreme Court Rule 51(h) and (i) when she failed to cooperate with the State Bar's investigations into her conduct relating to Clients A and C.

In determining the appropriate sanctions, the Court considers the American Bar Association's *Standards for Imposing Lawyer Sanctions* as a suitable guideline. *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). The Commission uses that guideline, as well.

Standard 4.4 addresses a respondent's lack of diligence. Specifically, Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Standard 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. Respondent waited for four months before filing a motion for reconsideration for Client A, and failed to ensure that both Client A and Client B were adequately informed about their cases. The Commission finds that this lack of diligence was negligent, rather than knowing, resulting from severe health and personal problems, combined with staff cutbacks at her firm, which meant she received little assistance with any aspect of her caseload. Further, although this conduct clearly created potential injury to her clients, no actual injury resulted. In fact, Client A received a $12,000 settlement after filing a legal malpractice action against the firm for which Respondent had worked while handling Client A's case.

Respondent's knowing failure to cooperate with the State Bar's investigation in both matters is addressed by Standard 7.0, which concerns violations of duties owed as a legal professional. One of these duties concerns maintaining the integrity of the profession (Theoretical Framework, pp. 5–6). Standard 7.3 provides for censure when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system. Standard 7.2 provides for suspension when the violation is done knowingly, rather than negligently. The Commission believes that Respondent's failure to respond to the State Bar was due to those same pressures indicated above, and was not a knowing failure to cooperate.

Respondent has been previously informally reprimanded for similar conduct. Standard 8.0 addresses prior discipline orders. Standard 8.3(b) provides for censure when a respondent has received an informal reprimand for the same or similar misconduct and engages in further acts of misconduct causing injury or potential injury.

Standards 9.32 and 9.22, which list factors to be considered in mitigation and aggrava-

tion, respectively, also assist in determining the appropriate sanction. Factors present in aggravation are Respondent's initial lack of cooperation with the State Bar and a prior disciplinary record. At first glance, Respondent's previous informal reprimand for similar conduct, viewed in conjunction with the conduct presently at issue, may create the appearance of a pattern of misconduct. However, the Commission notes that both the previous and the present misconduct occurred during the same period of time. Further, a closer examination of this matter reveals the existence of significant mitigation during that period.

Simply expressed in the language of Standard 9.32, Respondent had no selfish motive, and she suffered from personal and emotional problems at the time of the misconduct. To fully characterize the extent of the mitigation, however, it is necessary to explain those problems in more detail.

Respondent was diagnosed with a serious illness in 1987. Shortly thereafter, she was involved in an automobile accident which resulted in serious injuries. Both the injuries and the illness required extensive treatment, which continued through 1989. Complications arising from the treatment and ensuing surgeries caused further problems. Throughout this period, Respondent was the main wage-earner for her family, and these problems created severe economic hardship for Respondent and her family. It was not until 1991 that Respondent was able to return to any kind of a regular work pattern, albeit a reduced one.

Further, in explanation of her conduct in relation to Client A, Respondent indicates that, during that period, she was employed with Jacoby & Meyers. Because the firm had made a number of economic cutbacks, Respondent had an understaffed office and inadequate assistance from other counsel or office staff. In addition, Respondent often had to perform the tasks of receptionist, clerk, and paralegal, as well as handling her own responsibilities. Although Respondent indicates that the delays involving Client A were the result of the overwork and stress involved with her employment at Jacoby &

Meyers, she accepts full responsibility for failing to diligently pursue Client A's case. The Commission does not excuse Respondent's conduct, but recognizes that Respondent was overwhelmed by the situation in which she found herself. The Commission considered this in mitigation.

Upon review of the facts in these matters, particularly in consideration of the weighty mitigating factors, the Commission believes a censure with probation is appropriate. The probationary terms, which have been created specifically to address any problems Respondent may have in managing her law practice, should prevent any recurrences of problems of this type. The purpose of lawyer discipline is not to punish the offender, but to protect the public, the profession, and the administration of justice. *In re Neville,* 147 Ariz. 106, 708 P.2d 1297 (1985). The Commission believes a censure with the assistance of LOMAP will accomplish that goal.

RESPECTFULLY SUBMITTED this 5th day of November, 1993.

/s/ Mark D. Rubin

Mark D. Rubin, Vice Chairman Disciplinary Commission